FILED
2021 Jul-26  AM 09:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **SAMANTHA HARDING,** | } | |
| **MONEKA CHANTE MOORE as** | } | |
| **PERSONAL REPRESENTATIVE FOR** | } | |
| **THE ESTATE OF JAMARCUS MOORE** | } | |
| | } | **CASE NO.** |
| **Plaintiffs,** | } | **2:21-cv-01002-SGC** |
| **vs.** | } | |
| | } | |
| **CITY OF BIRMINGHAM and** | } | |
| **ARIC MITCHELL** | } | |
| | } | |
| **Defendants.** | } | |

## ANSWER OF DEFENDANT THE CITY OF BIRMINGHAM

The Defendant, the City of Birmingham, Alabama ("City"), a municipal corporation existing under the laws of the State of Alabama, by and through its attorney of record, in the above entitled cause and in Answer to the Complaint heretofore filed says as follows:

## I.      JURISDICTION

1.      The City admits that Plaintiffs purports to bring this action under the Fourth Amendment to the United States Constitution and 42 U.S.C 1983 and various state law claims, but denies that Plaintiffs have stated a cause of action under those laws, denies that Plaintiffs are entitled to any relief based on those laws and further denies the averments contained in paragraph 1.

1

## II.    PARTIES

2.    The City is without sufficient knowledge or information to either admit or deny the allegations of paragraph 2 and therefore it denies those allegations.

3.    The City is without sufficient knowledge or information to either admit or deny the allegations of paragraph 3 and therefore it denies those allegations.

4.    The City admits it was legal entity in the State of Alabama.  The City denies the reminder of paragraph 4.

5.    The City admits it is a municipal corporation under the laws of the State of Alabama and that Aric Mitchell was working as police officer with the City. The City denies the remainder of the paragraph 5.

## III.    FACTS OF THE CASE

6.    The City is without sufficient knowledge to answer the averments in paragraph 6. They are therefore denied in paragraph 6.

7.    The City is without sufficient knowledge to answer the averments in paragraph 7. They are therefore denied in paragraph 7.

8.    The City is without sufficient knowledge to answer the averments in paragraph 8. They are therefore denied in paragraph 8.

9.    The City is without sufficient knowledge to answer the averments in paragraph 9. They are therefore denied in paragraph 9.

10.    The City is without sufficient knowledge to answer the averments in paragraph 10. They are therefore denied in paragraph 10.

11.    The City is without sufficient knowledge to answer the averments in paragraph 11. They are therefore denied in paragraph 11.

12.    The City is without sufficient knowledge to answer the averments in paragraph 12. They are therefore denied in paragraph 12.

13.     The City is without sufficient knowledge to answer the averments in paragraph 13. They are therefore denied in paragraph 13.

14.     The City is without sufficient knowledge to answer the averments in paragraph 14. They are therefore denied in paragraph 14.

15.     The City is without sufficient knowledge to answer the averments in paragraph 15. They are therefore denied in paragraph 15.

16.     The City is without sufficient knowledge to answer the averments in paragraph 16. They are therefore denied in paragraph 16.

17.     The City is without sufficient knowledge to answer the averments in paragraph 17. They are therefore denied in paragraph 17.

18.     The City is without sufficient knowledge to answer the averments in paragraph 18. They are therefore denied in paragraph 18.

19.     The City is without sufficient knowledge to answer the averments in paragraph 19. They are therefore denied in paragraph 19.

20.     The City is without sufficient knowledge to answer the averments in paragraph 20. They are therefore denied in paragraph 20.

21.     The City denies the allegations in paragraph 21.

22.     The City denies the allegations in paragraph 23.

23.     The City denies the allegations in paragraph 23.

24.     The City denies the allegations in paragraph 24.

25.     The City denies the allegations in paragraph 25.

26.     The City denies the allegations in paragraph 26.

27.     The City denies the allegations in paragraph 27.

3

28.     The City denies the allegations in paragraph 28.

29.     The City is without sufficient knowledge to answer the averments in paragraph 29. They are therefore denied in paragraph 29.

30.     The City is without sufficient knowledge to answer the averments in paragraph 30. They are therefore denied in paragraph 30.

31.     The City is without sufficient knowledge to answer the averments in paragraph 31. They are therefore denied in paragraph 31.

32.     The City denies the allegations in paragraph 32.

## IV. PLAINTIFFS PERSONAL REPRESENTATIVE OF MOORE ESTATE CLAIMS AGAINST OFFICER JOHN DOE INDIVIDUALLY FOR EXCESSIVE FORCE UNDER SECTION 1983 VIOLATION OF THE FOURTH AMENDMENT

33.     Paragraph 33 contains no allegations requiring a response from this Defendant; however, to the extent the allegations of Paragraph 33 can be construed to require an admission or denial by the City, such allegations are denied.

34.     Paragraph 34 contains no allegations requiring a response from this Defendant; however, to the extent the allegations of Paragraph 34 can be construed to require an admission or denial by the City, such allegations are denied.

## V. PLAINTIFFS PERSONAL REPRESENTATIVE OF MOORE ESTATE CLAIMS AGAINST OFFICER JOHN DOE INDIVIDUALLY FOR WRONGFUL DEATH

35.     Paragraph 35 contains no allegations requiring a response from this Defendant; however, to the extent the allegations of Paragraph 35 can be construed to require an admission or denial by the City, such allegations are denied.

36.   Paragraph 36 contains no allegations requiring a response from this Defendant; however, to the extent the allegations of Paragraph 36 can be construed to require an admission or denial by the City, such allegations are denied.

## VI. PLAINTIFFS PERSONAL REPRESENTATIVE OF MOORE ESTATE CLAIMS AGAINST CITY OF BIRMINGHAM INDIVIDUALLY FOR WRONGFUL DEATH

37.   The City denies the allegations in paragraph 37.

38.   The City denies the allegations in paragraph 38.

39.   The City denies the allegations in paragraph 39.

## VII. PLAINTIFFS SAMANTHA HARDING'S CLAIMS AGAINST OFFICER JOHN DOE INDIVIDUALLY FOR EXCESSIVE FORCE UNDER SECTION 1983 VIOLATION OF THE FOURTH AMENDMENT

40.   Paragraph 40 contains no allegations requiring a response from this Defendant; however, to the extent the allegations of Paragraph 40 can be construed to require an admission or denial by the City, such allegations are denied.

41.   Paragraph 41 contains no allegations requiring a response from this Defendant; however, to the extent the allegations of Paragraph 41 can be construed to require an admission or denial by the City, such allegations are denied.

## VIII.  PLAINTIFFS SAMANTHA HARDING CLAIMS AGAINST CITY OF BIRMIMGHAM ASSAULT AND BATTERY

42.   The City denies the allegations of paragraph 42.

43.   The City denies the allegations of paragraph 43.

44.   The City denies the allegations of paragraph 44.

45.     The City denies the allegations of paragraph 45.

## IX. PLAINTIFFS SAMANTHA HARDING CLAIMS AGAINST OFFICER JOHN DOE ASSAULT AND BATTERY

46.     Paragraph 46 contains no allegations requiring a response from this Defendant; however, to the extent the allegations of Paragraph 46 can be construed to require an admission or denial by the City, such allegations are denied.

47.     Paragraph 47 contains no allegations requiring a response from this Defendant; however, to the extent the allegations of Paragraph 47 can be construed to require an admission or denial by the City, such allegations are denied.

48.     Paragraph 48 contains no allegations requiring a response from this Defendant; however, to the extent the allegations of Paragraph 48 can be construed to require an admission or denial by the City, such allegations are denied.

49.     Paragraph 49 contains no allegations requiring a response from this Defendant; however, to the extent the allegations of Paragraph 49 can be construed to require an admission or denial by the City, such allegations are denied.

## AFFIRMATIVE DEFENSES OF DEFENDANT CITY OF BIRMINGHAM

1.     The City denies each and every material allegation of the Complaint and demands strict proof thereof.

2.     The Complaint fails to state a claim against the City for which the Plaintiffs are entitled to relief.

3.     The City pleads not guilty/liable to the general issue.

4.     The City asserts the defense of good faith.

5.      The City denies that the Plaintiffs were injured in the nature or to the extent claimed and contests damages.

6.      The City denies that the Plaintiffs are due compensatory, actual or punitive damages or costs of any type.

7.      The City denies that the Plaintiffs suffered damages as alleged in the Complaint and that if said damages were in fact sustained, they were caused by parties other than the City or its officers, agents or employees.

8.      Any injury or damage suffered by the Plaintiffs were a result of their own willful, illegal, criminal, wanton or negligent conduct.

9.      The City pleads the defenses of issue and claim preclusion, collateral estoppel, res judicata and assumption of risk.

10.     The City asserts the defense of immunity, whether qualified, absolute, discretionary, functional, governmental, good faith or substantive as a complete bar to this action.

11.     Any actions or decisions on the part of the City which may have resulted in the detention of the plaintiffs were based upon lawful, legitimate and constitutional reasons.

12.     Any injuries sustained by the Plaintiffs was the result of Plaintiffs' illegal resistance to a lawful arrest.

13.     The Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. §§1983.

14.     The City denies that it violated any provisions of the 4th Amendment of the U.S. Constitution.

15.     The City is not liable for the acts complained of in the Complaint unless they were pursuant to a policy, custom, pattern or practice.  The City may not be liable under 42 U.S.C. §1983 due solely to respondent superior.  Plaintiffs has failed to allege and cannot prove a City policy, custom or practice which

violates the plaintiffs' civil rights. *Scala v. City of Winter Park,* 116 F. 3d 1396, 1401 (11th Cir. 1997), et. al.

16.    The City's conduct does not clearly establish a violation of Plaintiffs' constitutional or statutorily protected federal rights secured under the United States Constitution or by existing interpretive case law of the Eleventh United States Federal Circuit or the United States Supreme Court.

17.    The City denies that Plaintiffs' constitutional or federally protected rights were violated, abridged or denied to any extent by the actions alleged in the Complaint.

18.    The City's hiring, discipline, investigation, training, supervision and other personnel decisions of its employees did not create nor contain a policy, custom or practice of condoning such as alleged in the complaint, nor may such be inferred from the facts listed therein and it does not exist. *Monell v. Department of Social Services,* 436 U.S. 658 (1978), et. al.

19.    The City denies that it followed or created a policy, custom or practice sufficient to impose municipal liability by ratifying or adopting any unlawful or unconstitutional act or by any other act or omission as alleged by the plaintiffs in the Complaint. The City was not deliberately indifferent in its hiring, discipline, investigation, training, supervision and other personnel decisions of its employees and denies that any of its employees were improperly trained or supervised. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 109 S. Ct. 1197 (1989), et. al.

20.    The City has no liability for any claims in the complaint purportedly made under 42 U.S.C. §1983 as none of the alleged violations, deprivations, or unlawful acts were made pursuant to an unconstitutional or unlawful policy, custom or practice. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *City of St. Louis v. Praprotnic*, 485 U.S. 112; 108 s. Ct. 915 (1988); *Harlow v. Fitzgerald*, 102 S.Ct. 2727 (1982); *Mitchell v. Forsyth*, 105 S. Ct. 2806 (1985); *Nolin v. Isbell,* 207 F.3d 1253 (11th Cir. 2000); *Post v. City of Fort Lauderdale,* 7 F.3d 1552 (11th Cir.1993); *Rich v. Dollar,* 841 F.2d 1558 (1988).

21.     The City asserts the defense of probable cause.  The City had probable cause to take the actions it took against the Plaintiffs.

22.     The City denies Plaintiffs' allegations of abusive, gross, outrageous, malicious and oppressive conduct and further denies that Plaintiffs are entitled to any recovery because of such alleged conduct.

23.     The City denies being guilty of assault and battery upon the Plaintiffs and avers that any touching of Plaintiffs was in self-defense, for the purpose of effecting a lawful arrest and/or to protect the public.

24.     The Plaintiffs were engaged in criminal activity that threaten the safety of the public.

25.     The City states that because of Plaintiffs' resistance to a lawful arrest there was force used but it was only such force as was necessary to protect the public from the violent actions of the Plaintiffs.

26.     Under the law of the State of Alabama the City, as a duly incorporated municipal corporation, is immune from the imposition of damages for injury done or wrongs suffered unless the injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer or employee of the municipality. §11-47-190 Code of Alabama 1975, as amended.

27.     The City denies that its agents, officers or employees were negligent, carelessness or unskillful.

28.     The City of Birmingham is not liable under the law of the State of Alabama for the intentional, willful, wanton, illegal, malicious, criminal or reckless acts of its employees, agents or servants. *Hilliard v. City of Huntsville,* 585 So. 889 (Ala. 1991), et. al.; §11-47-190 Code of Alabama 1975, as amended.

29.     The City denies that it or any of its agents, officers or employees were negligent in hiring, discipline, investigation, training, supervision and other personnel decisions of its employees with regard to any duty owed to the Plaintiffs or any other similarly situated member of the public.

30.   The City asserts that the policies of the City of Birmingham Police Department were appropriately followed.

31.   The Plaintiffs are guilty of contributory negligence and assumption of risk and such is the proximate cause of any damages sustained by the plaintiffs.

32.   The City asserts the defense of "*Immunity of peace officers and tactical medics from tort liability for conduct in the line of duty*" as provided in §6-5-338 of the Code of Alabama (1975).

33.   The City  asserts the defense of discretionary function immunity as provided in the *Ex Parte of Birmingham,* 624 So.2d 1018 (Ala. 1993), *Ex Parte Cranman,* 792 So.2d 392 (Ala. 2000), *City of Birmingham vs. Brown,* 969 So. 2d 910 (Ala. 2007), et. al.

34.   The City pleads the affirmative defense of limitation of damages in an amount not exceeding $100,000 on any claims arising under state law. Ala. Code §11-47-190 and §11-93-2, as amended.

35.   The City is immune from the imposition of punitive damages for an alleged violation of Constitutional rights under 42 U.S.C. §1983 and alleged violation of state rights.  *City of Newport v. Facts Concerts*, 453 U.S. 247, 101 S. Ct. 2748 (1981), Code of Alabama §6-11-26, 1975.

36.   The Court lacks subject matter jurisdiction to hear this action, because Plaintiffs have failed to join all potentially liable parties. Code of Alabama §11-47-190; Code of Alabama §11-47-191.

37.   The Court lacks subject matter jurisdiction because Plaintiffs have failed to name all necessary and indispensable parties.  Ala. R. Civ. P. 19.

38.   The City pleads that Officer Aric Mitchell was cleared of any wrongdoing by the Birmingham Police Department Internal Affairs, the District Attorney's Office - Bessemer Division and the State of Alabama Law Enforcement Agency/State Bureau of Investigation.

39.   The City reserves the right to amend this Answer and raise additional defenses

which become known through the discovery process.

Respectfully submitted,

*/s/Fredric L. Fullerton, II*
Fredric L. Fullerton, II
Assistant City Attorney

City of Birmingham
City Attorney's Office - Litigation Division
600 City Hall
710 North 20th Street
Birmingham, Alabama 35203
(205) 254-2369/(205) 254-2502 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Answer* has been served on the following parties and/or counsel of record by electronic filing on this the 26th day of July 2021.

Richard Rice, Esq.
The Rice Firm LLC
N. 420 20th Street, Ste. #2200
Birmingham, Alabama 35203
rrice@rice-lawfirm.com

Johnathan F. Austin, Esq.
Austin Law, P.C.
P.O. Box 321173
Birmingham, AL 35212
austin@jaustinlawpc.com                */s/Fredric L. Fullerton, II*
                                        Of Counsel

11