IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMANTHA HARDING, ) | |
| MONEKA CHANTE MOORE, ) | |
| PERSONAL REPRESENTATIVE FOR ) | |
| THE ESTATE OF JAMARCUS MOORE ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: 2:21-cv-1002-AKK |
| ) | |
| CITY OF BIRMINGHAM, ) | |
| OFFICER ARIC MITCHELL, sued ) | JURY DEMAND |
| In his individual Capacity, ) | |
|    Defendants. ) | |

## FIRST AMENDED COMPLAINT

Pursuant to FRCP Rule 15(a)2 and written consent provided by the Defendant City of Birmingham, PLAINTIFFS, Samantha Harding, and Moneka Chante Moore as personal representative of the estate of Jamarcus Moore, files her first Amended Complaint against Defendant City of Birmingham and Defendant Aric Mitchell.

**I.   JURISDICTION**

1. The jurisdiction of this court is invoked pursuant to the Fourth Amendment of the United States Constitution. This is an action brought pursuant to 42 U.S.C. Section 1983, et seq. under this court's state supplemental jurisdiction to recover civil damages arising from the violations of the Fourth Amendment to the U.S. Constitution. Plaintiffs allege that they had the right under the Fourth Amendment to be safe and secure against excessive force and unreasonable searches

and seizures. Pursuant to 28 U.S. Code § 1367 - Supplemental jurisdiction, the Court has supplemental jurisdiction for the asserted state law claims. [1]

## II.   PARTIES

2.   Plaintiff, Samantha Harding, is a citizen of Jefferson County and the State of Alabama and brings this lawsuit on behalf of herself.

3.   Plaintiff, Monkeka Chante Moore, is the Administrator and Personal Representative of the estate of the deceased Jamarcus Moore.

4.   The defendants, as stated in the caption of the complaint, were at all times, legal persons or entities within the state of Alabama. They were state actors during the course of this incident as more particularly described below, in that they used the power of the state to effectuate excessive physical force upon the plaintiff Harding and excessive deadly force upon the deceased Jamarcus Moore which *inter alia* constitutes an unconstitutional seizure.

5.   The City of Birmingham is a municipal corporation located in Jefferson County, Alabama which employed Officer Aric Mitchell as a police officer who was employed with the City of Birmingham, Alabama, as a police officer, and acted under color of law at the time of the incidents described below. Aric Mitchell is sued in his individual capacity.

## III.   FACTS OF THE CASE

6.   On or about the evening of June 16, 2019, Jamarcus Moore, the deceased, arrived to pick Plaintiff Samantha Harding up from her job in Fairfield, Alabama.

---

[1] A Notice of Removal from Circuit Court of Jefferson County, case number 68-cv-2021-900289., was filed by the Defendant City of Birmingham on 7/22/2021 [Doc. 1].

7. The two left her workplace and proceeded to drive toward Ensley, Alabama.

8. After driving for a few minutes, they noticed that a police officer was behind them with his car's flashing blue lights on.

9. When Jamarcus saw this, he sped the vehicle up.

10. He made this, albeit misguided, decision because he knew he had a warrant out for his arrest, and he wanted to be free when his child was to be born in less than two months.

11. He had planned to turn himself in after the birth of his daughter.

12. Alas, he never got the chance to do this.

13. He proceeded to merge onto interstate I-59 and sped toward his sister's and mother's homes.

14. While driving on the interstate, Samantha called Jamarcus's sister at his behest.

15. During the entire trip, the windows of the car Jamarcus and Samantha occupied remained completely closed.

16. She placed the call with Jamarcus's sister on speakerphone.

17. She did this so that Jamarcus could communicate with his sister and hear her clearly as he drove.

18. Samantha and Jamarcus were both carrying on a conversation with Jamarcus's sister until they passed the sister's home.

19. Jamarcus stopped at a stop sign in the neighborhood.

20. He then turned right.

21. And as he turned an officer plowed into the rear passenger side of the vehicle with his police cruiser.

22. After the collision disabled the vehicle and brought it to a halt, Defendant Officer Aric Mitchell got out of his car which was behind that of Jamarcus and Samantha.

23. Officer Mitchell approached the vehicle, and without warning or verbal command, began to fire into the driver side window.

24. Jamarcus was shot multiple times in the chest.

25. And Samantha was shot in the leg.

26. Another officer (identity unknown) came up after Mitchell finished shooting and commanded Jamarcus and Samantha to put their hands up.

27. Jamarcus was unable to obey this command as he was slumped on the steering wheel dying or dead already.

28. The officers pulled Jamarcus out and placed handcuffs on his lifeless body and placed him face down on the ground.

29. Jamarcus was later pronounced dead by the coroner.

30. Jamarcus was shot to death.

31. And Samantha had her leg broken by a bullet from Mitchell.

32. This shooting happened even though neither Jamarcus nor Samantha ever fired a single shot at the officers which pursued them. Moreover, and maybe more saliently, at the time at which Birmingham police officer Aric Mitchell fired the fatal shots into the chest of Jamarcus, neither Jamarcus nor Samantha posed an imminent threat of harm to the officer or anyone else.

**IV.   PLAINTIFF PERSONAL REPRESENTATIVE OF MOORE ESTATE CLAIMS AGAINST OFFICER ARIC MITCHELL INDIVIDUALLY FOR EXCESSIVE FORCE UNDER SECTION 1983 VIOLATION OF THE FOURTH AMENDMENT**

33. Plaintiff alleges the above facts (which pertain to the actions of Officer Aric Mitchell: i.e., paragraphs 22-26, 29-32) the same as if set out herein.

34. Mrs. Moore alleges that Mitchell used an unreasonable and excessive amount of force when he repeatedly shot Jamarcus Moore though he was stopped and not posing any threat to the officers and thus, in violation of the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C 1983. Mitchell acted under color of law at the time of the shooting and acted beyond his authority or under mistaken interpretation of the law.

**WHEREFORE**, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above he suffered humiliation and shame and mental distress.

## V. PLAINTIFF PERSONAL REPRESENTATIVE OF MOORE ESTATE CLAIMS AGAINST DEFENDANT ARIC MITCHELL INDIVIDUALLY FOR WRONGFUL DEATH[2]

35. Defendant Mitchell did wrongfully cause the death of Jamarcus Moore through neglect, carelessness, and unskillfulness.

36. Mitchell did shoot into Moore's vehicle in a careless and unskillful manner while neglecting the standards of a reasonable police officer.

---

[2] Within six months of the date of the actions made the basis of this claim, the City of Birmingham was given notice of the potential claims made the basis of this lawsuit and Plaintiffs otherwise filed a notice with the City of Birmingham pursuant in compliance with Section 11-47-23 and 11-47-192 of the Code of Alabama.

**WHERFORE**, plaintiff demands judgment for compensatory and punitive damages under Alabama Wrongful Death Act in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above.

## VI.   PLAINTIFF PERSONAL REPRESENTATIVE OF MOORE ESTATE CLAIMS AGAINST CITY OF BIRMINGHAM INDIVIDUALLY FOR WRONGFUL DEATH

37. Defendant Officer Aric Mitchell did wrongfully cause the death of Jamarcus Moore by neglect, carelessness, and unskillfulness.

38. Defendant Mitchell committed the actions mentioned above while employed by the City of Birmingham and was acting under color of law.

39. Pursuant to Ala Code 11-47-190, the City of Birmingham is liable for the wrongful death of Jamarcus Moore caused by its officer, Aric Mitchell.

**WHERFORE**, plaintiff demands judgment for punitive damages under Alabama Wrongful Death Act in an amount to be determined, for some or all of the excessive acts of force of the above-named Defendant as heretofore described above.

## VII.   PLAINTIFF SAMANTHA HARDING'S CLAIMS AGAINST OFFICER ARIC MITCHELL INDIVIDUALLY FOR EXCESSIVE FORCE UNDER SECTION 1983 VIOLATION OF THE FOURTH AMENDMENT

40. Defendant Aric Mitchell shot Samantha in the leg when she was not resisting and posed no threat to him.

41. The amount of force used by Mitchell was excessive and unreasonable and thus, violated the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. 1983.

**WHEREFORE**, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above he suffered humiliation and shame and mental distress.

## VIII. PLAINTIFF SAMANTHA HARDING CLAIMS AGAINST CITY OF BIRMINGHAM ASSAULT AND BATTERY

42. Defendant Mitchell did cause Harding to be in fear of being battered by unskillfully shooting into a vehicle in which she was an occupant.

43. He did batter Harding when the bullet actually hit her causing injury to her leg.

44. Defendant Mitchell committed the actions mentioned above while employed by the City of Birmingham and in the line and scope said employment.

45. The City of Birmingham is liable for the assault and battery of Harding caused by its officer, Defendant Mitchell.

**WHEREFORE**, plaintiff demands judgment for compensatory and punitive damages under the Alabama Code in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above she suffered physical injury, humiliation, shame, and mental distress.

# IX. PLAINTIFF SAMANTHA HARDING CLAIMS AGAINST DEFENDANT ARIC MITCHELL INDIVIDUALLY ASSAULT AND BATTERY

46. Defendant Aric Mitchell did cause Harding to be in fear of being battered by unskillfully shooting into a vehicle in which she was an occupant.

47. He did batter Harding when the bullet actually hit her causing injury to her leg.

48. Defendant Mitchell committed the actions mentioned above while employed by the City of Birmingham and while acting line and scope of employment.

49. Defendant Aric Mitchell's actions in shooting into a vehicle in which Harding was an occupant constitutes wantonness as he acted with reckless disregard for Harding's humanity and her right to life, and liberty, and the actions are otherwise beyond mere negligence.[3]

**WHEREFORE**, plaintiff demands judgement for compensatory and punitive damages under the Alabama Code in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above she suffered physical injury, humiliation, shame, and mental distress.

**Respectfully submitted this the 27th day of September 2021,**

---

[3] A State agent shall not be immune from civil liability in his or her personal capacity (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law. *Ex parte Cranman*, 792 So.2d 392, (2000).

*/s/Richard A. Rice* (RIC086)
Richard A. Rice

THE RICE FIRM, LLC
N. 115 Richard Arrington Jr. Blvd.
Birmingham, AL 35203
Telephone 205 618-8733
rrice@rice-lawfirm.com

/s/Johnathan F. Austin (AUS023)
Johnathan F. Austin

AUSTIN LAW, P.C.
P.O. Box 321173
Birmingham, AL 35212

**ATTORNEYS FOR PLAINTIFFS**

**JURY DEMAND**

**REQUEST FOR SERVICE BY CERTIFIED MAIL ON THE DEFENDANT LISTED BELOW (PLAINTIFFS' COUNSEL)**

ARIC MITCHELL
CITY OF BIRMINGHAM POLICE OFFICER
710 North 20th Street
Birmingham, Alabama 35203
ATTN: CLERK

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Plaintiff's Initial Disclosures on the following via email on this 27th day of September, 2021.

Fredric L. Fullerton, II
Assistant City Attorney
City of Birmingham
City Attorney's Office – Litigation Division
600 City Hall
710 North 20th Street
Birmingham, Alabama 35203
(205) 254-2369/(205) 254-2502 FAX

/s/Richard A. Rice
Richard A. Rice