FILED

2024 Jan-29  AM 06:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SAMANTHA HARDIN,<br>MONEKA CHANTE MOORE as<br>PERSONAL REPRESENTATIVE FOR<br>THE ESTATE OF JAMARCUS MOORE<br><br>  Plaintiffs,<br><br>vs.<br><br>CITY OF BIRMINGHAM and<br>ARIC MITCHELL<br><br>  Defendants. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | CASE NO.<br>2:21-cv-1002-AMM |

---

**PLAINTIFFS SAMANTHA HARDIN, MONEKA CHANTE MOORE AS
PERSONAL REPRESENTATIVE FOR THE ESTATE OF JAMARCUS
MOORE OBJECTION TO DEFENDANTS' SPECIAL INTERROGATORY**

---

COME NOW Plaintiffs, Samantha Hardin ("Hardin") and Moneka Chante

Moore ("Moore") as personal representative for the Estate of Jamarcus Moore, by

and through their attorneys, and respectfully object to Defendants' Proposed Jury

Instructions (Doc. 115) as follows:

**QUESTION 1**

Plaintiffs object to this special interrogatory being posed to the jury. Qualified

immunity itself is an issue of law, even if its resolution can sometimes turn on issues

of fact. *Bailey v. Swindell*, No. 21-14454, 2024 U.S. App. LEXIS 517 at *10 (11th

Cir., Jan. 8, 2024). The Eleventh Circuit has recently and repeatedly clarified that

"the question of what circumstances existed at the time of the encounter is a question of fact for the jury—but *the question of whether the officer's perceptions and attendant actions were objectively reasonable under those circumstances is a question of law for the court*." *Id.* at \*11 (quoting *Simmons v. Bradshaw*, 879 F.3d 1157, 1164 (11th Cir. 2018)) (emphasis added).

Defendants' proposed Question 1, a special interrogatory, runs blatantly afoul of these Eleventh Circuit requirements. It is impermissible for the Court to put the question of whether Defendant Aric Mitchell's perception of Jamarcus Moore as posing an imminent threat of serious physical harm was a reasonable one. Despite Defendants' attempt to pose the question as whether Mitchell's "decision" was objectively reasonable, the "decision" in question is simply his perception of Moore as imminently dangerous. Thus, the question attempts to put to the jury the matter of whether Mitchell's perception was objectively reasonable, which is rightly a question for the Court to determine.

Additionally, Question 1 represents an attempt to relitigate a question that has already been answered by this Court. The Court has noted that "[t]he use of deadly force against a suspect who, though initially dangerous, has been disarmed or otherwise become non-dangerous, is conduct that lies 'so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct [is] readily apparent.'" (Doc. 47, p.15 n.8) (quoting *Hunter v. City of Leeds*, 941 F.3d

2

1265, 1281 (11th Cir. 2019)). If the jury determines that Moore was in fact non-dangerous at the time he was shot, the question of the reasonableness of Michell's conduct has already been answered by the above legal standard recognized by the Court.

Plaintiffs object to Question 1 on the basis that it begs the question of whether Mitchell did in fact perceive Moore to pose an imminent threat of serious physical harm. It is just as plausible that Mitchell was acting without appropriate forethought and acting more out of knee-jerk and adrenaline-fueled impulse than out of a rational perception of Moore as an actual threat.

Moreover, there are no facts that are *reasonably disputable* specific elemental facts related to the issue of whether Mitchell perceived Moore as a threat given that (a) the objective video evidence (Mitchell's BWC video/audio) and (b) given the various creative narratives offered by Mitchell and the City's employees – all of which are contrasted by the video account of the deadly shooting. Therefore, Question 1 is a farcical attempt to present a question of law to the jury.

Finally, Plaintiffs object to Question 1 on the basis that it is worded to lead the jury to confuse the question with the ultimate issue, as it asks the jury to conclude whether Mitchell's decision was "objectively reasonable" before then asking them whether he violated Moore's protection against "unreasonable searches and

seizures." The Court and the attorneys understand that these two questions are similar but distinct, but a jury is more likely to believe that they must logically answer the questions in a way that describes Mitchell as either both "reasonable" or both "unreasonable."

For the aforementioned reasons, Plaintiffs request that this Court not accept Defendants' proposed Question 1 of the Amended Verdict Form.

Respectfully submitted on this the 29th day of January 2024,

s/Richard A. Rice
Richard A. Rice

The Rice Firm, LLC
115 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203
Mailing Address - Post Office Box 453
Birmingham, AL 35201
205-618-8733 ext 101
rrice@rice-lawfirm.com
888-391-7193 fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically served the foregoing via email and/or the electronic document filing system utilized by this court, on this 29th day of January, 2024.

Frederic L. Fullerton, II
Samantha Chandler
City of Birmingham
Office of City Attorney – Litigation Division
710 North 20th Street, Room 600 City Hall
Birmingham, Alabama 35203
(205) 254-2369
(205) 254-2502 (fax)

<u>s/Richard A. Rice</u>
Richard A. Rice
